# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL COBURN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06 C 5397 |
| | ) | |
| | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| JOHN E. POTTER, POSTMASTER | ) | |
| GENERAL OF THE UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER
ON DEFENDANT'S MOTION IN LIMINE**

This case is set for a bench trial on March 25, 2008. Defendant has filed a motion in limine (DE 49) to exclude certain witnesses from testifying at trial on the grounds that their testimony would be irrelevant, cumulative, or both. In addition to the briefing on the motion, the parties submitted a stipulation of uncontested facts (DE 59) following the final pre-trial conference held on March 4, 2008. Having carefully reviewed the arguments of the parties in light of the joint stipulation, the Court denies in part and grants in part Defendant's motion.

**I.    Background**[1]

Pro se Plaintiff Darrell Coburn is a letter carrier at the Forest Park, Illinois post office. On September 14, 2005, Plaintiff filed an EEO discrimination complaint, and on November 18, 2005, Plaintiff filed a civil lawsuit against Defendant. On behalf of Plaintiff, Cecil W. Watson, a post office manager, served a copy of the summons from Plaintiff's 2005 lawsuit on Defendant.

In early 2006, the Postal Service commenced an investigation of Watson's conduct for

---

[1] The following summary of the background to this litigation is adapted largely from Judge Coar's October 22, 2007 order (DE 45) denying Plaintiff's motion for summary judgment.

possible violation of Postal Service rules that prohibit management employees from "representing" craft employees in administrative proceedings before the agency. On or about April 1, 2006, Plaintiff was informed that his EEO records were released without his prior knowledge or authorization to other Post Office officials, including Jeffrey Moore, a Labor Relations Specialist, and Kenneth Michalowski, Watson's supervisor, in connection with their investigation of Watson's conduct. On or about April 3, 2006, Plaintiff filed an EEO complaint, alleging that the release of his Restricted EEO records violated the Privacy Act of 1974, 5 U.S.C. § 552a, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On October 4, 2006, Plaintiff filed this lawsuit alleging that Defendant violated his rights to privacy under the Privacy Act and the FOIA.

Currently before the Court is Defendant's motion in limine (DE 49) seeking to exclude certain witnesses that Plaintiff designated in the draft "final pre-trial order summary" tendered to Judge Coar prior to the transfer of this case to this Court's docket. There is no dispute that the testimony of three witnesses – Coburn, Moore, and Michalowski – is necessary at trial to aid the Court in resolving the issues in dispute. However, Defendant contends in his motion in limine that the testimony of all of the other proposed witnesses should be excluded as cumulative, irrelevant, or both. In his response (DE 51) to Defendant's motion in limine, Plaintiff agreed to withdraw one proposed witness (Ray Vaicaitis) and presented argument as to why he believes that the testimony of the remaining challenged witnesses should be permitted.

## II. Analysis

### A. Legal Standards

The Seventh Circuit has endorsed the proposition that "the district court has broad powers to determine the proper method of preparing a case for trial." *Mizwicki v. Helwig, D.C., P.C.*, 196

F.3d 828, 833 (7th Cir. 1999). District courts have "broad discretion over the evidence they chose to admit in a trial" (*Jansen v. Aaron Process Equip. Co.*, 149 F.3d 603, 609 (7th Cir. 1998)), and may "place reasonable limits on the presentation of evidence to prevent undue delay, waste of time, or needless presentation of cumulative evidence," subject to reversal only upon "a clear showing of abuse." *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1408 (7th Cir. 1991); see also Fed. R. Evid. 403, 611.

In other words, the court's "duty to manage the trial includes an obligation to ensure [that] only persons testify who will present relevant, non-cumulative testimony regarding the issues." *Jamie S. v. Milwaukee Bd. of Sch. Dirs.*, 2006 WL 829161, at \*2 (E.D. Wis. Mar. 28, 2006) (citing *M.T. Bonk Co.*). Evidence is "cumulative" when it "adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of the trial, with all the potential for confusion, as well as prejudice to other litigants, who must wait longer for their trial, that a long trial creates." *Goodwin v. MTD Prods., Inc.*, 232 F.3d 600, 609-610 (7th Cir. 2000) (citations omitted). In view of these obligations, it is beyond dispute that a district court "has the power to limit the number of witnesses" who may testify at trial. *In the Matter of Rhone-Poulenc Rorer Pharm., Inc.*, 138 F.3d 695, 697 (7th Cir. 1998).

Any determination as to whether the testimony of Plaintiff's proposed witnesses will be relevant and not cumulative requires consideration of the elements of the cause of action that Plaintiff must prove at trial. The provision of the Privacy Act governing "conditions of disclosure" of the records at issue in this case states in general that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another

3

agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b).  The Act contains an exception for disclosure "to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties."  5 U.S.C. § 552a(b)(1).  The "civil remedies" provision of the Act permits an action in federal district court where the agency "fails to comply" with the provisions of the Act "in such a way as to have an adverse effect on an individual.  5 U.S.C. § 552a(g)(1).  The Act also permits recovery of "actual damages sustained by the individual as a result of the refusal or failure" to comply with the Act and implementing rules, with a minimum recovery of $1,000, if "the court determines that the agency acted in a manner which was intentional or willful."  5 U.S.C. § 552a(g)(4)(A).

In sum, "the key elements of a cause of action under the Privacy Act for damages for disclosure are:  (1) agency disclosure (by any means of communication); (2) to an individual or another agency; (3) of a 'record' contained in a 'system of records'; (4) which is unauthorized by the individual; (5) which is not within an exception; (6) an adverse effect on the individual, which contains two components (i) an adverse standing component and (ii) a causal nexus between the disclosure and the adverse effect; and (7) that the agency action be in a manner which was 'intentional' or 'willful.'"  *Carlson v. Gen. Servs. Admin.*, 2006 WL 3409150, at *3 (N.D. Ill. Nov. 21, 2006) (citing *Quinn v. Stone*, 978 F.2d 126, 131 (3d Cir. 1992)).

**B.     Application of Legal Principles to Matters in Dispute at Trial**

In ruling on Defendant's motion in limine, the Court has been greatly aided by the joint stipulation of uncontested facts (DE 59) that the parties submitted following the final pre-trial conference.  In that joint stipulation, the parties agreed as follows:

4

1. Darrell Coburn's EEO records were disclosed without Coburn's written authorization.

2. The records that were disclosed were records kept within a system of records as set forth in the Privacy Act.

3. The records were disclosed in connection with an investigation involving Cecil Watson.

As a result of the stipulation, elements (1) through (4) of a wrongful disclosure action under the Privacy Act are no longer at issue. What remains to be explored at trial are elements (5) through (7), which in this case include:

1. Whether the disclosure was permitted under the Privacy Act's "need to know" exception in connection with the investigation by Postal Service management of allegations that Cecil Watson violated Postal Service rules prohibiting management employees from representing craft employees in administrative proceedings against the agency when Mr. Watson allegedly represented Plaintiff in such proceedings;

2. Whether the disclosure of Plaintiff's records was made in an intentional and willful manner; and

3. Whether Plaintiff can demonstrate some adverse effect caused by the disclosure, and, if so, what the measure of actual damages should be.

Reviewing the parties' briefs on the motion in limine in light of the subsequent stipulation, it is evident to the Court that the testimony of some of the witnesses that Plaintiff initially identified is no longer relevant, because the matters as to which those witnesses could have testified are no longer in dispute. It also is evident to the Court that several proposed witnesses would have covered essentially the same ground as to Postal Service training, policies, and procedures, and that some of those witnesses had more tangential involvement with the actions and events giving rise to this action than others. For these reasons, the Court will grant in part Defendant's motion in limine and will exclude some witnesses as irrelevant or cumulative, or both. At the same time, the Court
5

concludes that some of the witnesses that Defendant seeks to exclude may be in position to provide relevant, non-cumulative testimony that bears on the issues that remain in dispute. As to those witnesses, the motion will be denied.

Plaintiff contends that Watson's testimony is essential because Watson "has significant knowledge of the facts regarding Coburn's claim" and was "the person who first informed Coburn that his 'Restricted' EEO Records were unlawfully released" and cited by Michalowski in a document relating to the investigation involving Watson himself. Given the stipulations, the Court doubts that Watson's testimony will have much probative value in helping to resolve the matters that remain in dispute. However, the Court will not grant Defendant's motion as to Watson because some limited testimony from Watson may help provide context for the rest of Plaintiff's case-in-chief and thus may be helpful to the Court.

The Court also denies Defendants' motion with respect to proposed witnesses Julie Rodriguez, Carol Dellutri, and Phyllis Lingenfelser, all of whom may provide relevant testimony concerning matters that remain at issue. Rodriguez released the Restricted EEO records in question to Moore and thus may be able to testify as to her reasons for doing so and the circumstances relating to their initial disclosure. Dellutri is Moore's immediate supervisor and may be in position to provide relevant testimony on Moore's job duties, which is germane to the "need to know" inquiry. Lingenfelser is a Department Head who oversees the Labor Relations and EEO Department of the Postal Service for the Northern Illinois District and may be able to offer testimony on training within the District on Privacy Act issues, which may in turn bear in some way on the "willful and intentional" issue in the case. For example, if the evidence were to show that the handling of the

6

Restricted EEO records at issue here deviated markedly from the training available to or received by those who handled those records, an inference of willful or intentional action may be supportable.

Finally, the Court also denies the motion as to Mae Grant, an EEO Manager for the Great Lakes Area, who may be able to provide relevant testimony as to any system or policies in place regarding the release of Restricted EEO records.

The Court grants Defendant's motion to preclude the testimony of the remaining proposed witnesses: Donald Nichols, Yvonne Owens, Florene Mathews, Deborah Sutton, Arturo Berumen, Diana Robleski, and Edward Lynn Smith.

Plaintiff contends that Nichols, a Manager of Post Office Operations, may testify as to "how he obtained Coburn's Restricted EEO records and whether he relied upon those records in an administrative decision." However, in view of the stipulation as to the disclosure without Plaintiff's authorization, the Court fails to see the relevance of Nichols' proposed testimony to the issues that remain in dispute.

Owens provided Moore with a copy of the summons from Plaintiff's 2005 lawsuit. That document obviously was not a Restricted EEO record, but rather a public document. Moreover, given that Owens was at the time a Postal Service attorney, her conversations with Moore in all likelihood are privileged in any event.

By Plaintiff's own reckoning, Mathews "is a comparable employee to Ms. Rodriguez" and like several other witnesses would testify on Postal Service training, practices, and policies relating to the Privacy Act. Because that testimony would be cumulative to Rodriguez's testimony (among others) and Rodriguez was actually involved in providing the records in question to Moore, the motion is granted as to Mathews.

7

Plaintiff has identified Sutton as an EEO Dispute Resolution Specialist in Washington, DC who could provide testimony regarding statements that Moore and Michalowski made to her in connection with her investigation of Plaintiff's EEO complaint. While those statements would be hearsay, they might be admissible for impeachment purposes as prior inconsistent statements *if* (i) Moore's or Michalowski's trial testimony deviates from what they previously told Sutton and (ii) their prior statements were made under oath. But there has been no showing that those statements were made under oath. Plaintiff also contends that Sutton could testify as to policies and practices at Postal Service headquarters regarding the handling of Restricted EEO records, but such testimony would add very little, if anything, to the presentation of evidence in light of the expected testimony of Dellutri and Grant, who are respectively a supervisor and a manager more closely involved with the training of the employees whose actions are at issue here.

Finally, the Court grants Defendant's motion as to proposed witnesses Berumen, Robleski, and Smith. All three would testify to matters concerning the release of restricted EEO records without the employee's consent, an issue that is not in dispute in light of the stipulation.

**III.	Conclusion**

For the reasons stated above, Defendant's motion in limine is denied in part and granted in part.  The Court grants Defendant's motion to preclude Donald Nichols, Yvonne Owens, Florene Mathews, Deborah Sutton, Arturo Berumen, Diana Robleski, and Edward Lynn Smith from testifying at trial.  The Court denies Defendant's motion to preclude Cecil Watson, Julie Rodriguez, Mae Grant, Carol Dellutri, and Phyllis Lingenfelser from testifying at trial.  By agreement of the parties, Darrell Coburn, Jeffrey Moore, and Kenneth Michalowski shall be permitted to testify at trial.  Proposed witness Ray Vaicaitis is withdrawn as a prospective witness.

Dated: March 7, 2008

_____
Robert M. Dow, Jr.
United States District Judge