# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL COBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 5397 |
| | ) | |
| JOHN E. POTTER, POSTMASTER | ) | Judge Robert M. Dow, Jr. |
| OF THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darrell Coburn filed a complaint alleging violations of provisions of the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), by certain employees of the United States Postal Service ("USPS"). Prior to the transfer of this case to this Court's docket, Judge Coar denied Plaintiff's motion for summary judgment. This case therefore proceeded to a bench trial that was held on March 25, 2008. At that trial, the Court heard the testimony of Plaintiff and a number of witnesses called by both parties. The parties subsequently submitted proposed findings of fact and conclusions of law.

In this memorandum opinion and order, the Court sets forth (i) its findings of fact concerning to the matters before the Court for decision and (ii) its conclusions of law. The Court notes that its factual findings are based on the stipulations of the parties and the documentary evidence and testimony presented at trial, at which time the Court had the opportunity to observe and evaluate the credibility of the witnesses. On the basis of the findings of fact and conclusions of law stated below, the Court enters judgment for Defendant on both counts of Plaintiff's complaint.

## I. Findings of Fact

Plaintiff Darrell Coburn is a letter carrier at the Forest Park, Illinois post office. Tr. at 161. In 2005, Plaintiff filed both an EEO discrimination complaint and a civil lawsuit against Defendant. Tr. at 161, 165. After filing his EEO complaint, Plaintiff was notified of his right to select a representative of his choice at any stage of the complaint process. Tr. at 43, 161.[1]

While Plaintiff's actions were pending, Jeffrey Moore, a labor relations specialist for the USPS, had a conversation with Yvonne Owens, a USPS attorney, during which Moore learned that a USPS manager named Cecil Watson had served a summons on behalf of Plaintiff in his civil lawsuit. Tr. at 136. Moore subsequently received a copy of the summons and showed it to Watson's immediate supervisor, Schaumburg Postmaster Kenneth Michalowski. Tr. at 138-39, 142-43. Moore and Michalowski suspected that Watson might have been violating a USPS rule that prohibits management employees from representing craft employees in EEO actions against the USPS. Tr. at 46, 96, 107-08, 145, 151. Accordingly, Michalowski asked Moore to further investigate the matter. Tr. at 108, 151.

Moore does not "maintain" EEO records in the normal course of his duties. Tr. at 135. However, as a labor relations specialist, Moore's duties include acting as a liaison with the USPS law department and investigating whether management employees have violated any USPS regulations. Tr. at 79-81 (testimony of Labor Relations Department Manager Carol Dellutri).[2] In carrying out Michalowski's request, Moore requested that Julie Rodriguez, an EEO dispute

---

[1] Defendant does not dispute that a craft employee (such as Plaintiff) may ask anyone to represent him. Tr. at 96. However, Defendant has established that a manager may not represent a craft employee without violating USPS regulations (*id.* at 95, 99), and there is no challenge to the validity of those regulations before the Court.

[2] Plaintiff has contended that Tr. Ex. 27 sets forth Moore's job description, but Dellutri testified credibly that Ex. 27 did not accurately state the job description for the position held by Moore, but rather sets forth the requirements for a job at a higher salary at USPS headquarters in Washington, DC. Tr. 82-84.

2

resolution specialist with the USPS, provide Moore with access to the file containing documents relating to Plaintiff's EEO complaint and advised Moore of the reason why he wanted access to that file. Tr. at 46-47, 142-43. Rodriguez's office maintains EEO records in a system of records as described in the Privacy Act, and Rodriguez is authorized to use and disclose EEO records in the performance of her duties. Tr. at 27, 33. Although Plaintiff had not provided written authorization to release his EEO file, Rodriguez believed that disclosure of the file and the records in it was proper under the Privacy Act, and thus she provided Plaintiff's EEO file to Moore. Tr. at 36, 39-41.

Before accessing Plaintiff's file, Moore read the Privacy Act and believed that he had a right to review the file in the performance of his duties as a labor relations specialist. Tr. at 149-50, 157-58. In Plaintiff's EEO file, Moore found six documents that he felt were pertinent to his investigation: (1) a Dispute Resolution Specialist's Inquiry Report, dated December 27, 2005; (2) a letter from an EEO Compliance and Appeals Specialist, dated December 30, 2005; (3) two letters with a cover sheet from Plaintiff to an EEO Specialist, dated January 4, 2006; (4) an Acknowledgment of Amendment from an EEO Specialist, dated January 11, 2006; (5) a letter from Plaintiff to an EEO Manager, dated January 10, 2006; and (6) a letter from an EEO Specialist, dated January 12, 2006. Tr. Ex. 4, at 3-4; Tr. Exs. 6-11. Those documents list Watson as Plaintiff's "representative," show Watson on the "cc" line of correspondence as Plaintiff's "representative," and/or reflect that a document was served on Watson as Plaintiff's "representative." See Tr. Exs. 6-11.

After consulting with the USPS legal department, Moore provided the six documents referenced above from Plaintiff's EEO file to Michalowski. Tr. at 107-09, 142, 149-50. Michalowski reviewed those documents in order to determine whether Watson had violated

3

USPS rules and regulations, as well as Michalowski's instructions. Tr. at 107-08, 116.[3] On or about April 1, 2006, Watson informed Plaintiff that Plaintiff's EEO records were referenced in Watson's notice of removal from the USPS. Tr. at 21. There is no evidence that Plaintiff was aware of the release of his EEO records prior to his conversation with Watson, and the parties have stipulated [Dkt. 59] that Plaintiff did not provide written consent to the disclosure of his EEO records to Moore or Michalowski.[4]

Plaintiff then filed an EEO complaint, alleging that the release of his Restricted EEO records violated the Privacy Act and the FOIA. After that EEO complaint was dismissed, Plaintiff commenced this lawsuit, alleging that USPS employees[5] violated his rights to privacy under the Privacy Act (Count I) and the FOIA (Count II).

---

[3] Although not relevant for purposes of the proper disposition of this case, it is undisputed that Michalowski ultimately proposed that Watson be removed from the USPS for, among other things, violating the USPS's rule that prohibits management employees from representing craft employees in EEO proceedings against the USPS. Tr. Ex. 4.

[4] After the final pretrial conference, the parties submitted a joint stipulation of uncontested facts [Dkt. 59], in which the parties agreed as follows:

1. Darrell Coburn's EEO records were disclosed without Coburn's written authorization.

2. The records that were disclosed were records kept within a system of records as set forth in the Privacy Act.

3. The records were disclosed in connection with an investigation involving Cecil Watson.

[5] Although Plaintiff did not identify in his pro se complaint the specific USPS employees whom he believes violated his rights, it is clear from the trial record and Plaintiff's proposed findings of fact and conclusions of law (¶ 19) that those employees are Julie Rodriguez, Jeffrey Moore, Kenneth Michalowski, and Donald Nichols.

4

## II. Conclusions of Law

### A. Privacy Act

"The Privacy Act of 1974 limits the circumstances under which government agencies * * * may disclose information contained in their records." *Pippinger v. Rubin*, 129 F.3d 519, 528 (10th Cir. 1997). The specific provision of the Privacy Act at issue in this case provides in general that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). The Act contains numerous exceptions, including one that permits disclosure "to those officers and employees of the agency which maintains the record *who have a need for the record in the performance of their duties*." 5 U.S.C. § 552a(b)(1) (emphasis added).

The "civil remedies" provision of the Act permits an action in federal district court where the agency "fails to comply" with the provisions of the Act "in such a way as to have an adverse effect on an individual." 5 U.S.C. § 552a(g)(1). The Act authorizes recovery of "actual damages sustained by the individual as a result of the refusal or failure" to comply with the Act and implementing rules, with a minimum recovery of $1,000, but only if "the court determines that the agency acted in a manner which was *intentional or willful*." 5 U.S.C. § 552a(g)(4)(A) (emphasis added).

In sum, "the key elements of a cause of action under the Privacy Act for damages for disclosure are: (1) agency disclosure (by any means of communication); (2) to an individual or another agency; (3) of a 'record' contained in a 'system of records'; (4) which is unauthorized by the individual; (5) which is not within an exception; (6) an adverse effect on the individual, which contains two components (i) an adverse standing component and (ii) a causal nexus

5

between the disclosure and the adverse effect; and (7) that the agency action be in a manner which was 'intentional' or 'willful.'" *Carlson v. Gen. Servs. Admin.*, 2006 WL 3409150, at *3 (N.D. Ill. Nov. 21, 2006) (citing *Quinn v. Stone*, 978 F.2d 126, 131 (3d Cir. 1992)).

As noted above, following the final pre-trial conference, the parties submitted a joint stipulation of uncontested facts [59], in which the parties agreed as follows:

1. Darrell Coburn's EEO records were disclosed without Coburn's written authorization.

2. The records that were disclosed were records kept within a system of records as set forth in the Privacy Act.

3. The records were disclosed in connection with an investigation involving Cecil Watson.

As a result of the stipulation, elements (1) through (4) of a wrongful disclosure action under the Privacy Act are no longer at issue. What remained to be explored at trial and resolved in this opinion are elements (5) through (7), which in this case include:

1. Whether the disclosure was permitted under the Privacy Act's "need to know" exception in connection with the investigation by Postal Service management of allegations that Cecil Watson violated Postal Service rules prohibiting management employees from representing craft employees in administrative proceedings against the agency when Watson allegedly represented Plaintiff in such proceedings;

2. Whether the disclosure of Plaintiff's records was made in an intentional and willful manner; and

3. Whether Plaintiff can demonstrate some adverse effect caused by the disclosure, and, if so, what the measure of actual damages should be.

As explained below, the Court concludes that the disclosure of Plaintiff's EEO records in the circumstances of this case fell within the "need to know" exception set forth in 5 U.S.C. § 552a(b)(1), and thus did not violate the Privacy Act. The Court further concludes that even if the disclosure had not been permissible under the exception, it was not made in an intentional and

willful manner sufficient to give rise to damages under the Act. In view of those alternative conclusions, the Court need not address whether Plaintiff could demonstrate that he suffered an "adverse effect" as a result of the disclosure or whether he sustained any compensable damages.

### 1. "Need for the Record in the Performance of Their Duties"

There is authority for the proposition that intra-agency disclosure "is not the evil against which the Privacy Act was enacted" (*Clarkson v. Internal Revenue Serv.*, 811 F.2d 1396, 1398 (11th Cir. 1987)), and thus information shared within the same agency – here the USPS – is "not subject to the requirements of the Privacy Act." *Williams v. Reilly*, 743 F. Supp. 168, 175 (S.D.N.Y. 1990). The Court need not consider whether to follow that line of authority, however, because the Court is persuaded that all of the USPS employees alleged to have violated Plaintiff's right to privacy had a "*need for the record in the performance of their duties*." 5 U.S.C. § 552a(b)(1) (emphasis added).

The analysis is easiest with respect to Rodriguez, for the undisputed evidence shows that she is authorized to use or disclose EEO records in the performance of her day-to-day duties as an EEO dispute resolution specialist with the USPS. According to the credible testimony of Labor Relations Department Manager Carol Dellutri, Moore's job duties include investigating whether management employees have violated USPS regulations. Both the testimony and documentary evidence in the record establish the existence of a USPS regulation prohibiting management employees from representing bargaining unit (or craft) employees in administrative proceedings against the USPS. Moore received credible information that a management employee, Cecil Watson, may have been representing a craft employee, Plaintiff, in an EEO action against the USPS. Moore shared his suspicions with Watson's direct supervisor, Schaumburg Postmaster Michalowski, who directed Moore to conduct a further investigation. It

plainly was within Michalowski's duties to investigate possible infractions of USPS rules by his subordinates.

In the process of conducting his investigation, Moore requested Plaintiff's EEO file from Rodriguez, who maintained that file in the ordinary course of her work. Rodriguez understood that she did not have written authorization from Plaintiff to disclose the contents of his file, but believed that disclosure to Moore was appropriate under the Privacy Act. Moore testified that he read the Privacy Act before accessing the file and believed that he had a right to view the file in order to discharge his duties. In the file, he found six documents (Tr. Exs. 6-11) in which Watson arguably was listed as Plaintiff's "representative."[6] After consulting with the USPS legal department, Moore provided the documents to Michalowski for his review. Michalowski examined the documents in order to determine whether Watson had violated USPS rules and regulations, as well as Michalowski's own instructions.

On the basis of the factual findings set forth above, the Court has no difficulty concluding that Rodriguez, Moore, and Michalowski all had a legitimate need to access Plaintiff's EEO records in the performance of their duties. See *Pippinger*, 129 F.3d at 529-30 (10th Cir. 1997) (affirming summary judgment for government on the ground that information in plaintiff's files fell within "need to know" exception to general prohibition against disclosing records because IRS supervisor and staff members obtained information to conduct investigation into allegations of employee misconduct by plaintiff and to determine whether and how to discipline plaintiff).[7]

---

[6] For purposes of this litigation, it does not matter whether Watson actually was serving as Plaintiff's "representative" within the meaning of any USPS regulation, and the Court expresses no view on that matter.

[7] No evidence was adduced at trial with respect to the disclosure of Plaintiff's EEO records to Nichols. However, the Court's review of the complaint and pre-trial motions indicates that Nichols' sole involvement in the events of this case was his review of Michalowski's decision to remove Watson from

### 2. "Intentional or willful"

The Court's conclusion that all of the USPS employees who handled Plaintiff's EEO records were protected by the "need to know" exception (5 U.S.C. § 552a(b)(1)) requires the entry of judgment in favor of Defendant. Nevertheless, the Court hastens to add that even if that exception did not apply, it is evident from the trial record that Plaintiff could not satisfy the "intentional or willful" requirement of an action for damages under the Privacy Act in any event. The D.C. Circuit has held that "[i]n an action for damages under the Privacy Act, the plaintiff has the burden of proving that the government's actions, when considered 'in their context,' were 'intentional or willful.'" *Laningham v. United States Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987). And the Seventh Circuit has explained that Section 552a(g)(4) establishes a "greater than gross negligence standard." *Moskiewicz v. United States Dept. of Agriculture*, 791 F.2d 561, 563-64 (7th Cir. 1986); *Carlson*, 2006 WL 3409150, at *5 (denying summary judgment where a reasonable jury could conclude that defendant acted in "reckless disregard" of plaintiff's rights under the Privacy Act). To meet his burden, Plaintiff "must prove that the offending agency acted 'without grounds for believing [its actions] lawful' or that it 'flagrantly disregarded' the rights guaranteed under the Privacy Act." *Id.* (quoting *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984)). In other words, the violation "must be so 'patently egregious and unlawful' that anyone undertaking the conduct should have known it was 'unlawful.'" *Laningham*, 813 F.2d at 1242 (quoting *Wisdom v. Department of Housing & Urban Dev.*, 713 F.2d 422, 425 (8th Cir. 1983)).

Here, Moore and Michalowski each had a good faith belief that a USPS regulation may have been violated, and thus Michalowski appropriately requested that Moore further investigate.

---

the USPS. Because Michalowski relied in part on Plaintiff's EEO records for his decision, Nichols clearly had a need to review those records in the performance of his duties.

9

Rodriguez and Moore each had a good faith belief, based on their understanding of their job duties and the Privacy Act, that they could access Plaintiff's EEO records in the performance of those duties. Moore consulted with USPS attorneys before providing the EEO records at issue to Michalowski. And Nichols can hardly be said to have acted in "reckless disregard" of Plaintiff's rights under the Privacy Act by examining materials in the record of an agency decision that he was responsible for reviewing. Plaintiff's suggestion that one or more of the USPS employees was "a busy body with a personal agenda" (Pl. Proposed Concl. of Law ¶ 18) simply is not supported by any evidence in the record. In short, even if one or more of the USPS employees who accessed Plaintiff's EEO records did not fall within the "need to know" exception – as the Court already has found they do – the actions of those employees still could not lead to liability in this case because Plaintiff has not carried his "burden of proving that the government's actions, when considered 'in their context,' were 'intentional or willful'" (*Laningham*, 813 F.2d at 1242), or that any of the employees either (i) acted without grounds for believing their actions to be lawful or (ii) flagrantly disregarded Plaintiff's rights under the Privacy Act (see *Albright*, 732 F.2d at 189).

### B. FOIA claim

In Count II of his complaint, Plaintiff purports to assert a claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The FOIA "pertains to requests for documents made by the public." *Williams v. Reilly*, 743 F. Supp. 168, 175 (S.D.N.Y. 1990). But nothing in Plaintiff's complaint indicates that he (or any other member of the general public) attempted to obtain access to any documents. Because the Court was puzzled as to the nature of Plaintiff's FOIA claim, the Court reminded Plaintiff, both at the final pre-trial conference and at the conclusion of the trial, that he would "need to explain [the FOIA claim] in the proposed

conclusions of law." Tr. at 175. Plaintiff's proposed conclusions of law are devoid of any explanation of, or support for, a FOIA claim. Accordingly, the Court enters judgment for Defendant on Count II of Plaintiff's complaint.

## III. Conclusion

For the foregoing reasons, the Court enters judgment in favor of Defendant on Counts I and II of Plaintiff's complaint.

Dated: September 24, 2008  _____
　　　　　　　　　　　　　　　　　Robert M. Dow, Jr.
　　　　　　　　　　　　　　　　　United States District Judge